(July 20, 1990)

■ In the Matter of JONATHAN E. COLE, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent,

a Florida attorney, was admitted to the New York Bar in this Department in 1987. Petitioner Committee on Professional Standards moves for an order disciplining respondent pursuant to section 806.19 of this court's rules (22 NYCRR 806.19) by reason of his having been disciplined by the Supreme Court of Florida for an act of professional misconduct committed in Florida. The disciplinary proceedings in Florida resulted in respondent's suspension for a period of 90 days in that jurisdiction, effective June 1, 1990. Respondent, who is represented by counsel, has advised this court that he does not oppose petitioner's motion.

The Florida disciplinary proceeding arose from respondent's attempt to purchase cocaine from a police undercover agent in July, 1989. As a result of this, he was arrested and charged with attempted possession of cocaine, a misdemeanor. After an investigation of his background, the State Attorney offered and respondent accepted a deferred prosecution agreement. Respondent complied with the terms of the agreement and the State Attorney filed a formal statement that he would not prosecute the matter further on March 1, 1990. At or about this time in the Florida disciplinary proceeding, respondent entered into a consent judgment with the Florida Bar wherein it was agreed that he would be suspended for 90 days and placed on probation for three years for his misconduct in attempting to purchase cocaine. This agreement was approved by the Referee and, ultimately, by the Supreme Court of Florida, which suspended respondent for 90 days, effective June 1, 1990.

After examining the entire record before us, we accept the finding of professional misconduct made by the Supreme Court of Florida (see, 22 NYCRR 806.19 [c]; Matter of Apovian, 140 AD2d 736). It is our further opinion that the interests of justice will be served by imposing upon respondent the same punishment in this State as was imposed in the State of Florida (see, supra).

Respondent suspended for 90 days and until further order of this court, the period of suspension to correspond with the period of suspension imposed in the State of Florida. Respondent may apply for reinstatement upon furnishing satisfactory proof that he has been reinstated as a member of the Florida Bar and has otherwise complied with the requirements of section 806.12 of this court's rules (22 NYCRR 806.12). Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Mercure, JJ., concur.